IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMANDA REIDT, on behalf of herself and all other similarly situated,

                Plaintiff,

v.

ADVANCED MARKETING AND PROCESSING, INC. D/B/A PROTECT MY CAR,

                Defendant.

OPINION and ORDER

23-cv-234-jdp

---

This is a proposed class action about car warranty robocalls made by defendant, which operates under the name Protect My Car. Plaintiff Amanda Reidt alleges that she did not consent to the Protect My Car calls, and thus they violate the Telephone Consumer Protection Act (TCPA).

Two motions are before the court. First, Protect My Car moves to compel arbitration, contending that Reidt agreed to the robocalls when she used a third-party website, JobsFlag.com. Dkt. 8. Second, counsel for Protect My Car moves to withdraw. Dkt. 18. Reidt opposes both motions.

The court will deny the motion to compel arbitration because the parties dispute whether Reidt entered an arbitration agreement. The court will permit limited discovery on that issue, and set that issue for trial. The court will not grant defense counsel's motion to withdraw, at least not until Protect My Car has successor counsel or meets some of its basic discovery obligations.

BACKGROUND

Federal courts review a motion to compel arbitration under the same standard as a motion for summary judgment, considering all evidence in the record and drawing all reasonable inferences in the light most favorable to the non-moving party. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). The court draws the following facts from the complaint and the parties' affidavits in support of and in opposition to Protect My Car's motion.

In early 2023, Reidt began receiving telemarketing calls offering extended car warranties. Reidt repeatedly told the callers that she was not interested and that they should stop calling. But the calls continued. During one of the calls, Reidt was transferred to a representative who said the calls came from Protect My Car. Dkt. 1, ¶¶ 38–39.

In support of its motion to compel arbitration, Protect My Car contends that Reidt received these calls because she submitted her contact information on a website called JobsFlag.com. According to Protect My Car, Reidt entered her name and telephone number on JobsFlag.com in January 2023. Dkt. 9, ¶ 14. Use of the site is subject to a multi-level clickwrap agreement. Once a person enters her name and a valid email and phone number, she can click a "continue" button to her submit information and use the site. In fine print below the "continue" button, the site says that when a person clicks "continue" she agrees to the terms and conditions governing the use of the site and provides her consent to receive calls from more two dozen companies. *Id.*, ¶ 17. The terms and conditions, which are available through a hyperlink, include an arbitration agreement. *Id.* One of the companies listed in the fine print below the "continue" button is Auto Help Center. Protect My Car asserts that all the calls to Reidt came from Auto Help Center. *Id.*, ¶¶ 25–26. Protect My Car does not explain its relationship, if any, with Auto Help Center.

In opposition, Reidt submitted her own declaration saying that she never visited JobsFlag.com before this litigation, never authorized anyone to visit the website on her behalf, and never submitted information or entered any contract on the website. Dkt. 15, ¶¶ 6–7.

ANALYSIS

**A. Motion to compel arbitration**

The Federal Arbitration Act requires courts to treat arbitration agreements the same as other contracts. *Scheurer v. Fromm Fam. Foods LLC*, 863 F.3d 748, 752 (7th Cir. 2017). Courts compel arbitration when the moving party demonstrates that there is (1) an enforceable written agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal to arbitrate. *Id.* State law principles govern whether an enforceable arbitration agreement exists and who may enforce it. *Id.* (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009)). The dispute here is whether there's an enforceable agreement to arbitrate in the first place. The dispute involves two questions.

The first question is whether Reidt actually entered an arbitration agreement with JobsFlag.com. Protect My Car relies on the declaration of its Vice President of Marking & Sales Systems, Michael Sabau. Sabau's declaration explains that Protect My Car gets its leads from a third party, Digital Media Solutions (DMS). Protect My Car's records show that DMS provided Reidt's lead information to Protect My Car. At Protect My Car's request, DMS provided documentation concerning Reidt from a separate lead verification company, Jornaya. Jornaya's documentation, provided to Sabau through DMS, shows the input of Reidt's contact information to JobsFlag.com on January 15, 2023. That documentation also purports to show

that Reidt clicked the "continue" button indicating her agreement to receive calls from the many listed companies and her agreement to the JobsFlag.com terms of use.

Reidt says that the court should disregard the Jornaya report as hearsay because Sabau lacks the personal knowledge needed to make it admissible. Protect My Car has been a bit sloppy—it should have included declarations from witnesses who could establish the admissibility of the Jornaya documents as business records. Sabau's declaration can't quite do that, but he's set out enough to show a trail of electronic records showing Reidt's use of JobsFlag.com. Reidt directly disputes that she used JobsFlag.com, which creates a factual dispute about whether Reidt entered the arbitration agreement.

The second question is whether, assuming that Reidt used JobsFlag.com, Protect My Car would be entitled to enforce the JobsFlag.com arbitration agreement. Reidt contends that the court should deny Protect My Car's motion because, as a non-signatory, it does not have the right to enforce the arbitration agreement with JobsFlag.com. The general rule is that only signatories to an arbitration agreement may enforce it. *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1059 (7th Cir. 2018). But traditional contract principles sometimes authorize a non-signatory to enforce a contract, including arbitration agreements. *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1643 (2020). Protect My Car contends that the doctrine of equitable estoppel gives it the right to compel Reidt to arbitrate. Furthermore, Protect My Car contends, the arbitration agreement requires the arbitrator to decide if Protect My Car has the right to enforce the agreement.

Traditionally, gateway questions of arbitrability are for the court, which means that the court decides whether a particular dispute is subject to arbitration. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002). But the parties may delegate threshold arbitrability

4

issues to the arbitrator, so long as they agree to do so by "clear and unmistakable" evidence. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, (1995)). If the parties have done so, the court must enforce that delegation even if the argument for arbitrability is frivolous. *Henry Schein*, 139 S. Ct. at 529.

The JobsFlag.com arbitration agreement contains a delegation of arbitrability. The pertinent provision provides:

> Any claim or controversy arising out of or relating to your use of our web site, your membership in the club, your use of the product(s), or to any act or omission for which you may contend that we are liable, including but not limited to any claim or controversy as to arbitrability ("Dispute"), shall be finally and exclusively settled by binding arbitration unless settled by the parties by informal negotiation after delivery of a notice of dispute.

Dkt. 9-2, at 8 (capitalization modified for readability). Cutting to the core, the delegation provision says: "Any claim or controversy arising out of or relating to your use of our web site, . . . including but not limited to any claim or controversy as to arbitrability, shall be finally and exclusively settled by binding arbitration." That is a clear statement that questions of arbitrability are delegated to the arbitrator. The court concludes that, assuming that Reidt actually entered the agreement with JobsFlag.com, the arbitrator must decide whether Reidt's dispute with Protect My Car is one subject to arbitration. The court's opinion that Protect My Car's argument for arbitrability is borderline frivolous doesn't matter under the holding of *Henry Schein*.

Where, as here, the parties dispute the making of the arbitration agreement, the Federal Arbitration Act requires an expedited trial on that issue. 9 U.S.C. § 4. The parties say they need discovery. The court will hold a hearing by video teleconference to set an expedited

litigation schedule and a discovery plan. Before the hearing, the court will require the parties to submit a joint pretrial report, setting out any points of disagreement.

**B. Motion to withdraw**

Counsel for Protect My Car moves to withdraw on the ground that "[i]rreconcilable differences have arisen between Counsel and [Protect My Car], including with respect to the fulfillment of obligations to Counsel regarding its services." Dkt. 18. Protect My Car is a business entity, so it may not proceed without counsel. *See 1756 W. Lake St. LLC v. Am. Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015). Protect My Car's counsel is not aware of a successor attorney and requests that the court give Protect My Car 30 days to obtain new counsel.

If Protect My Car does not have successor counsel, Reidt opposes the motion on the ground that Reidt will be prejudiced by her inability to obtain discovery from Protect My Car. Reidt contends that Protect My Car will gain an advantage if it is allowed to avoid discovery by defaulting because of its failure to secure replacement representation.

District courts have discretion to decide whether to grant an attorney's motion to withdraw in a civil case. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 816 (7th Cir. 2017). Here, the practical effect of allowing Protect My Car's counsel to withdraw without a successor in place would be to halt all discovery before it begins and, at a minimum, delay a trial on whether Reidt entered the arbitration agreement. To allow the case to proceed efficiently, the court will deny the motion to withdraw for now, but it will hear argument on it at the scheduling conference. Protect My Car's counsel is directed to transmit a copy of this order to its client. And Protect My Car is warned that it should secure replacement counsel now, because the court will not compel counsel to work this case indefinitely.

ORDER

IT IS ORDERED that:

1. Defendant Protect My Car's motion to compel arbitration, Dkt. 8, is DENIED, pending a trial on the issue of whether Reidt agreed to the JobsFlag.com terms of use.

2. Protect My Car's counsel's motion to withdraw, Dkt. 18, is DENIED without prejudice.

3. Counsel for the parties are to meet and confer to plan for discovery and trial. By December 22, they are to file a joint pretrial report setting out the parties positions on the following:

    A. A specific statement of the material factual and legal issues to be resolved at trial.

    B. A detailed description of the discovery needed by each side.

    C. The estimated trial length.

    D. Whether the parties request a jury trial.

    E. Any other matter affecting the just, speedy and inexpensive determination of this case, or that the court should take into account in setting the schedule.

4. On January 3, 2024, at 1:00 pm, the court will hold a zoom conference with the parties' counsel to discuss the scheduling and procedures for trial.

Entered December 7, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge